WIDENER, Circuit Judge,
concurring:
I concur in the result and, in large part, in the opinion of the court. However, I would add the following:
I do not concur in the opinion as it refers, on pages 798 and 799 thereof, to the presence or absence of “operative legal significance” given “to bad checks.” I think it apparent, even by our decision, that bad checks may and frequently do have operative legal significance, not that sought for in this case by Champion, however. I would not rely on that as a reason for our decision.
I concur in Part III(B) of the opinion, not for the reason that the courts below were not clearly erroneous in their holdings that the events which took place here were not in the ordinary course of business or financial affairs, but because, as it recites, that “[w]e do not believe that Congress intended a bad check and subsequent payments to make it good to be viewed as in the ordinary course of affairs between two parties or made according to ordinary business terms.” Also, as our opinion recites, I think making a bad check good must be considered “unusual action,” thus taking such a transaction out of the ordinary course of business or financial affairs of the parties. To rely on the factual determination of the courts below in the circumstances present here may suggest that if the parties had gone through like factual situations on previous occasions in making bad checks good, a finding of ordinary course of business or financial affairs might have been sustained. I do not think that is the case.